# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LEE SIRMONS, JR.,** : <br> **Petitioner,** : <br> : <br> v. : <br> : <br> **ROBERT GILMORE, et al.,** : <br> **Respondents** : | No. 1:19-cv-625 <br><br> (Judge Kane) |

## MEMORANDUM

On April 10, 2019, pro se Petitioner Christopher Lee Sirmons, Jr. ("Petitioner") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. No. 1.) He also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) On April 22, 2019, the Court granted Petitioner leave to proceed in forma pauperis and issued an administrative order in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could: (1) have the petition ruled on as filed – that is, as a § 2254 petition for writ of habeas corpus – but lose his ability to file a second or successive petition, absent certification by the court of appeals; or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 4.) The Court informed Petitioner that his failure to return the Notice of Election Form would result in the Court ruling on his current § 2254 petition as filed. (Id.) On May 6, 2019, the Court received Petitioner's Notice of Election form indicating that he would like the Court to rule on his § 2254 petition as filed. (Doc. No. 5.)

---

[1] While Petitioner used the form for federal prisoners seeking to file a motion to vacate their sentence pursuant to 28 U.S.C. § 2255, because Petitioner is challenging a state conviction, the Court has construed his filing as a § 2254 petition.

In an order to show cause dated May 8, 2019, the Court directed Respondent to respond to Petitioner's § 2254 petition within twenty (20) days and noted that Petitioner could file a reply within fourteen (14) days of the date Respondent filed his response. (Doc. No. 6.) After receiving an extension of time (Doc. Nos. 8, 9), Respondent filed a response to the § 2254 Petition on July 25, 2019 (Doc. No. 11). To date, Petitioner has neither filed a reply nor an extension of time to do so. Accordingly, because the time period for filing a reply has expired, the § 2254 petition is ripe for disposition.

## I. BACKGROUND

On November 6, 2015, following a jury trial, Petitioner was found guilty of two (2) counts of aggravated assault, in violation of 18 Pa. Cons. Stat. § 2702, and two (2) counts of simple assault, in violation of 18 Pa. Cons. Stat. § 2701. See Commonwealth v. Sirmons, CP-14-CR-0001770-2014 (C.C.P. Centre Cty.).[2] On December 17, 2015, Petitioner was sentenced to a minimum of two (2) years and a maximum of four (4) years for each count to run consecutively. See id. The trial court ordered that Petitioner's aggregate sentence run consecutively to the sentence Petitioner was then serving. See id. After the trial court denied Petitioner's post-sentence motions, Petitioner filed a notice of appeal to the Superior Court of Pennsylvania. See id.; see also Commonwealth v. Sirmons, 261 MDA 2016 (Pa. Super. Ct.). On appeal, Petitioner raised one issue: whether the trial court "erroneously refuse[d] to give [Petitioner's] requested

---

[2] In addition to the § 2254 petition, the Court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case filed against Petitioner in the Court of Common Pleas for Centre County. See Docket, Commonwealth v. Sirmons, No. CP-14-CR-0001770-2014, available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-14-CR-0001770-2014&dnh=6l5EqBEUAC%2fCu0li6AIkyA%3d%3d (last accessed August 19, 2019). A district court may take judicial notice of state court records, as well as its own. See Minney v. Winstead, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

point for charge number 16, an expanded definition of 'impairment of physical condition or substantial pain.'" See Commonwealth v. Sirmons, No. 261 MDA 2016, 2016 WL 5884805, at *2 (Pa. Super. Ct. Sept. 9, 2016). On September 9, 2016, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. See id. Petitioner did not seek leave to appeal to the Supreme Court of Pennsylvania.

On August 29, 2016, Petitioner filed a Post Conviction Relief Act ("PCRA") petition with the Court of Common Pleas for Centre County. See Sirmons, CP-14-CR-0001770-2014. Counsel was appointed, and on January 6, 2017, the PCRA court directed counsel to file an amended PCRA petition. See id. Petitioner filed a pro se amended PCRA petition on August 14, 2017. See id. On July 30, 2018, counsel requested leave to withdraw from representation as well as a Turner/Finley[3] "no merit" brief. See id. On August 13, 2018, the PCRA court granted counsel's motion to withdraw and informed Petitioner of its intent to dismiss his PCRA petition. See id. On August 20, 2018, Petitioner filed a brief in response to the PCRA court's notice of intent to dismiss. See id. On September 21, 2018, the PCRA court dismissed Petitioner's PCRA petition. See id. Specifically, the PCRA court concluded that: (1) Petitioner's due process rights were not violated because Pennsylvania Rule of Criminal Procedure 109 was not violated; (2) counsel was not ineffective for failing to raise objections pursuant to various state rules of procedure; and (3) Petitioner was not denied a fair trial. (Doc. No. 11 at 67-72.) Petitioner did not appeal this decision to the Superior Court of Pennsylvania.

---

[3] See Pennsylvania v. Finley, 481 U.S. 551 (1987); Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988).

On April 10, 2019, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. (Doc. No. 1.) He raises the following grounds for relief:

1. Constitutional protection of the Sixth, Eighth, and Thirteenth Amendment[s]. PA. Rule 513(B), PA. Rule 544(B), PA Rule 551, PA Rule 120, PA Rule 132 (id. at 4);

2. Constitutional protection of the Fourteenth, and Seventh, and Nin[]th, and Eleventh Amendment[s]. PA Rule 542(D)(E), PA rule 508(A)(1), PA Rule 3733, PA Rule 132(A3)(B)(C), PA Rule 117 (id. at 5);

3. Constitutional protection of the Amendments (18 PA. C.S. Section 9183) (id. at 6); and

4. Sufficiency of the evidence (id. at 8).

Petitioner acknowledges that he did not appeal the dismissal of his PCRA petition to the Superior Court of Pennsylvania. (Id. at 3, 5-7, 9.) Respondent asserts that Petitioner has never presented portions of Grounds One and Two and all of Ground Four to any state court.[4] (Doc. No. 11 at 4, 6.)

## II. LEGAL STANDARD

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." See Dunn v. Colleran, 247 F.3d 450, 468 (3d Cir. 2001) (quoting Calderon v. Coleman, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. See Engle v. Isaac, 456 U.S. 107, 128 (1982). "The States possess primary authority for defining and enforcing the criminal law. In criminal trials

---

[4] Specifically, Respondent contends that Petitioner did not present his constitutional challenges premised upon violations of Rules 513(B) and 544(B) in Ground One, and did not present his constitutional challenge premised upon a violation of Rule 117 in Ground Two.

4

they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." Id. States also have a recognized interest in the finality of convictions that have survived direct review within the state court system. See Brecht v. Abrahamson, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." See 28 U.S.C. § 2254(a). If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

### III. DISCUSSION

As an initial matter, the Court must determine whether Petitioner's grounds for relief presented in his § 2254 petition are cognizable in a federal habeas proceeding; whether the claims have been exhausted in the state courts; and, if not, whether circumstances exist to excuse Petitioner's procedural default as to his claims.

Absent unusual circumstances, a federal court should not entertain a petition for writ of habeas corpus unless the petitioner has satisfied the exhaustion requirement articulated in 28 U.S.C. § 2254(b). Under § 2254(c), a petitioner will not be deemed to have exhausted his available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). A

petitioner may exhaust a federal claim either by raising it on direct appeal or presenting it in post-conviction PCRA proceedings. See id. at 845. In addition, a claim is exhausted when it has been "fairly presented" to the state court. See Picard v. Connor, 404 U.S. 270, 275 (1971). To that end, the federal habeas claim "must be the substantial equivalent of that presented to the state courts." See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). The petition must do so "in a manner that puts [the respondents] on notice that a federal claim is being asserted." See Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005). "The Supreme Court has instructed that a claim is not 'fairly presented' if the state court 'must read beyond a petition or brief . . . in order to find material' that indicates the presence of a federal claim." Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 542 (3d Cir. 2014) (quoting Baldwin v. Reese, 541 U.S. 27, 32 (2004)). Moreover, a habeas corpus petitioner has the burden of proving the exhaustion of all available state remedies. See 28 U.S.C. § 2254. Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation." See Duncan v. Walker, 533 U.S. 167, 180 (2001).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is an absence of available State corrective process." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). Claims deemed exhausted because of a state procedural bar are considered to be procedurally defaulted. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000). The district court then analyzes the claims under the procedural default doctrine. See id. The purpose of this rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. See Coleman v.

Thompson, 501 U.S. 722, 732 (1991). In Cone v. Bell, 556 U.S. 449 (2009), the United States Supreme Court explained:

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the State's interest in correcting their own mistakes is respected in all federal habeas cases. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

Id. at 465 (internal quotations and citations omitted).

However, habeas corpus review is not barred in every instance in which a state court invokes a procedural rule to preclude its review of the federal claims asserted by a state prisoner. A state procedural rule can preclude federal habeas corpus review "only when the state rule is 'independent of the federal question [presented] and adequate to support the judgment.'" See Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (citing Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007)). The requirements of independence and adequacy are distinct. See id. A rule is "independent" if it is not dependent on any federal constitutional question, but "[a] state procedural ground will not bar federal habeas relief if the state law ground is 'so interwoven with federal law' that it cannot be said to be independent of the merits of a petitioner's federal claims." See Johnson v. Pinchak, 392 F.3d 551, 557 (3d Cir. 2004). A rule is "adequate" if it was "firmly established, readily ascertainable, and regularly followed at the time of the purported default." See Levya, 504 F.3d at 366 (quoting Szuchon v. Lehman, 273 F.3d 299, 372 (3d Cir. 2001)).

7

A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if the petitioner can demonstrate either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) that the failure to consider the claims will result in a "fundamental miscarriage of justice." See Coleman, 501 U.S. at 750. In order to show "cause and prejudice" sufficient to overcome a state court default, a petitioner must demonstrate the "cause" for his default and "prejudice" attributable thereto. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (citing Harris v. Reed, 489 U.S. 255 (1989)). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Under the "prejudice prong," a petitioner has the burden of showing "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982); see also Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008).

To show a "fundamental miscarriage of justice," a petitioner must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." See Schlup v. Delo, 513 U.S. 298, 326 (1995). Demonstrating actual innocence requires a stronger showing than that needed to establish prejudice. See id. In Goldblum v. Klem, 510 F.3d 204 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit explained the applicable two-step inquiry as follows. First, a "court must decide 'whether the petitioner has presented new reliable evidence . . . not presented at trial,'" and second, if a petitioner "puts forth new evidence not considered by the jury, a court asks 'whether it is more likely than not that no

8

reasonable juror would have convicted him in light of the new evidence.'" See id. at 225 (citing Hummard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004)). If a petitioner can meet this standard by establishing "cause and prejudice" or a "fundamental miscarriage of justice," his default will be excused, and the Court may review the merits of the claim presented. See id.

During PCRA proceedings, Petitioner raised only portions of Ground One, portions of Ground Two, and Ground Three. He did not appeal the PCRA court's dismissal of his PCRA petition to the Superior Court. Thus, these claims are unexhausted. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004) (explaining that, in order for habeas claims in Pennsylvania to be exhausted, the claims must have been presented to both the PCRA court and the Superior Court of Pennsylvania). Moreover, Petitioner can no longer appeal the dismissal of his PCRA petition to the Superior Court of Pennsylvania because appeals must "be filed within 30 days after the entry of the order from which the appeal is taken." See Pa. R. App. P. 903(a). "Rule 903(a), codified as a state court appellate rule, fulfills the adequate and independent state ground doctrine because it is implemented regularly by the state courts as a prerequisite to obtaining appellate review." Novasak v. Mazurkiewicz, No. 93-2168, 1995 WL 430603, at *5 n.12 (E.D. Pa. July 20, 1995); see also McDonald v. Lamas, No. 13-2957, 2016 WL 8710465, at *4 (M.D. Pa. Nov. 18, 2016) (finding procedural default where petitioner failed to file a timely appeal pursuant to Rule 903(a)). Thus, while Petitioner's failure to exhaust is excused because he can no longer pursue a timely appeal, see Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004), these claims are procedurally defaulted.

Respondent asserts that Petitioner never presented portions of Ground One, portions of Ground Three, and Ground Four to the state courts. Upon review of the record, this Court agrees with Respondent's contention. Petitioner, however, cannot return to state court to file a second

9

PCRA petition raising these claims because the PCRA's statute of limitations has expired. See 42 Pa. Cons. Stat. § 9545(b) (noting that a PCRA petition must "be filed within one year of the date the judgment becomes final" and that "a judgment becomes final at the conclusion of direct review").[5] Moreover, these claims would be deemed waived because Petitioner could have raised them in his initial PCRA petition. See 42 Pa. Cons. Stat. §§ 9545(a)(3), 9544(b) (noting that a PCRA petitioner must demonstrate that "the allegation of error has not been previously litigated or waived" and stating that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"). Thus, because these claims were not raised in the state courts and Petitioner can no longer return to state court to present them, they are procedurally defaulted, as well.

Consequently, because Petitioner's claims are procedurally defaulted, the Court can entertain the merits of his § 2254 petition only if he demonstrates cause and prejudice or a fundamental miscarriage of justice. Petitioner advances no compelling argument to establish that cause for the default exists or that a fundamental miscarriage of justice will occur if this Court does not consider his claims. See Coleman, 501 U.S. at 750. Rather, Petitioner asserts that he did not appeal to the Superior Court of Pennsylvania because his PCRA petition was still pending before the PCRA court. As noted above, however, the PCRA court denied Petitioner's PCRA petition on September 21, 2018, and there is no evidence of record to suggest that

---

[5] While § 9545 sets forth limited exceptions to this rule, none is applicable to Petitioner's claims. Petitioner does not make any allegations that the Government in any way interfered with his ability to raise these claims in his earlier PCRA petition or with his ability to appeal the earlier action, and he does not rely on a constitutional right newly recognized by the United States Supreme Court or the Supreme Court of Pennsylvania. See 42 Pa. Cons. Stat. § 9545(b)(1)(i), (iii). Petitioner also does not allege that he could not have discovered the basis of these claims through the exercise of due diligence. See id. § 9545(b)(1)(ii).

10

Petitioner was unaware of that decision when he filed his § 2254 petition on April 10, 2019.  In any event, it is well settled that "an 'ignorant or inadvertent procedural default' does not satisfy the cause element of cause and prejudice."  See Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (quoting Coleman, 501 U.S. at 752).  Furthermore, Petitioner has not demonstrated—let alone alleged—actual innocence sufficient to excuse his procedural default.  He makes no allegations that he did not commit the acts of which he was adjudged guilty.  Thus, because Petitioner fails to demonstrate either cause and prejudice or a miscarriage of justice to excuse his procedural default, his § 2254 petition must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, the Court will not issue a COA in this case.

## V. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be dismissed, and a COA will not issue. An appropriate Order follows.